UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV171 LMB |
| | ) | |
| STEPHEN SOKOLOFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Elmer Jefferson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis. 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Stephen Sokoloff (Prosecutor, Dunklin County, Missouri), the Hon. Stephen Sharp (Judge), the Hon. Stephen Mitchell (Judge), the Hon. Paul McGee (Judge), and Larry Crawford (Director, Missouri Department of Corrections). Plaintiff seeks injunctive and monetary relief.

Plaintiff alleges that in February 1996, Sokoloff instituted unlawful criminal proceedings against him in Dunklin County, Missouri. In those proceedings, plaintiff was charged with the distribution of a controlled substance, and he eventually pled guilty to the charges and received a sentence of incarceration. Plaintiff contends the prosecution was unlawful because no indictment was ever issued by a grand jury in his case. Plaintiff argues that, as a result of the nonexistence of an indictment, the Circuit Court of Dunklin County did not have jurisdiction to proceed with the case against plaintiff.

Plaintiff's allegations, however, are contradicted by his own exhibits, which he has attached to the complaint. Plaintiff has attached a copy of the two-count indictment filed on February 5, 1996, by the Grand Jury of Dunklin County charging plaintiff with the sale of crack cocaine on two separate dates in 1995. This indictment is the basis for the prosecution that plaintiff complains was unlawful.

2

All of plaintiff's allegations against Judges Sharp, Mitchell, and McGee stem from their official duties as state court judges. Similarly, all of plaintiff's allegations against Sokoloff arise from his official duties as prosecutor.

Plaintiff alleges that he suffered from various maladies as a result of the allegedly unconstitutional acts, including depression and loss of memory.

Plaintiff argues that Missouri's five-year statute of limitations on § 1983 actions[1] should be tolled because he has been rendered mentally incompetent as a result of defendants allegedly unconstitutional acts.

## Discussion

**A. Defendants Sharp, Mitchell, and McGee are Entitled to Judicial Immunity**

Plaintiff's complaint is legally frivolous as to Judges Sharp, Mitchell, and McGee because these defendants are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). As a result, these defendants shall be dismissed from the complaint.

**B. Defendant Sokoloff is Entitled to Prosecutorial Immunity**

Plaintiff's complaint is legally frivolous as to defendant Sokoloff because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). As a result, Sokoloff shall be dismissed from the complaint.

---

[1] E.g., Sulik v. Taney County, Mo., 393 F.3d 765, 767 (8th Cir. 2005).

### C. Plaintiff has Failed to Allege that Defendant Crawford was Responsible for Any of the Allegedly Unconstitutional Actions

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiffs has not set forth any facts indicating that Crawford was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, plaintiff's complaint is legally frivolous as to defendant Crawford, and plaintiff's complaint shall be dismissed entirely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 19th day of January, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE